# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| JUDLIN NATHANIEL MORTIMER, ) | |
| ) | |
| Petitioner, ) | CIVIL ACTION NO. CV205-033 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | (Case No.: CR201-2) |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Judlin Nathaniel Mortimer ("Mortimer"), an inmate at the McRae Correctional Institution in McRae, Georgia, filed a *pro se* motion pursuant to 28 U.S.C.A. § 2255 to vacate, set aside or correct the sentence imposed in Case Number CR201-2. The Government filed a Response. For the reasons which follow, Mortimer's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

While serving another sentence at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), Mortimer pled guilty to attempting to obtain contraband in prison, in violation of 18 U.S.C. § 1791(a)(2). On June 19, 2001, the Honorable Anthony A. Alaimo sentenced Mortimer to six months' imprisonment[1], three years' supervised release, and a special assessment of $100. (CR201-2, Dkt. No. 62.)

---

[1] Mortimer's sentence was set to run consecutive with the sentence he was serving. (CR201-2, Dkt. No. 62.)

AO 72A
(Rev. 8/82)

Mortimer alleges that his Sixth Amendment rights were violated when his sentence was enhanced by the judge's findings. Mortimer asserts that these findings were not presented to a grand jury, alleged in his indictment, found by a jury, or admitted by him, and that his sentence should therefore be set aside pursuant to the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004). (Motion, p. 4.) Additionally, Mortimer contends that Blakely constitutes a "new rule of law" and this Court has the authority to determine whether the case should be applied retroactively to cases on collateral review. (Id. at p. 6.)

Respondent asserts that Mortimer's motion should be dismissed because it was not timely. (Resp., pp. 1-3.) In the alternative, Respondent avers that the motion should be denied because it is based solely on Blakely, a case which does not apply retroactively to cases on collateral review. (Id. at p. 3.)

## DISCUSSION AND CITATION TO AUTHORITY

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code Section 2255 to accelerate the process for filing motions under that statute. This amendment sets forth a one-year statute of limitations within which prisoners must file their motion. 28 U.S.C. § 2255; Johnson v. United States, ___ U.S. ___, 125 S. Ct. 1571, 1575, 161 L. Ed.2d 542 (2005). The statute of limitations period shall run from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6; Johnson, ___ U.S. ___, 125 S. Ct. at 1575-76.

Mortimer contends that § 2255 ¶ 6(3) is applicable to his case. Specifically, Mortimer avers that his sentence was imposed after the Supreme Court issued its decision in Blakely, and Blakely constitutes a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989). Thus, Mortimer concludes that the statute of limitations should have started running on June 24, 2004, the day the Supreme Court's decision in Blakely was issued.

Supreme Court decisions which constitute a "new rule" apply to those criminal cases pending on direct review. Schriro v. Summerlin, 542 U.S. 348, ___, 124 S. Ct. 2519, 2522, 159 L. Ed.2d 442 (2004). When the convictions are final, however, generally those rules that are substantive *are* retroactively applicable and those rules that are procedural *are not* retroactively applicable. Id. In Varela v. United States, 400 F.3d 864 (11th Cir. 2005), the Eleventh Circuit Court of Appeals addressed whether Blakely, now Booker[2], is retroactively applicable to cases on collateral review. The Court of Appeals concluded that Booker fell within the category of "new rules" of criminal procedure, and as such, did not apply

---

[2] In United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), the Supreme Court held that Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), is applicable to the Federal Sentencing Guidelines. Mortimer's claims that he was sentenced in violation of Blakely necessarily involve Booker. See Varela v. United States, 400 F.3d 864, 865 n.1 (11th Cir. 2005).

3

AO 72A
(Rev. 8/82)

retroactively to cases on collateral review. Id. at 868. Consequently, Mortimer's direct reliance on Blakely, or indirect reliance on Booker, is unavailing for purposes of filing under the third timeliness provision contained in § 2255.

As noted above, Mortimer was sentenced on June 19, 2001, and he did not file a direct appeal. Mortimer's conviction therefore became "final" on July 3, 2001, the last day he could have filed an appeal with the Eleventh Circuit Court of Appeals. See FED. R.APP. P. 4(b)(1)(A) (indicating a defendant in a criminal case has ten days to file a notice of appeal); FED. R.APP. P. 26(a) (indicating it is appropriate when computing to exclude intermediate Saturdays, Sundays and legal holidays). As Mortimer's motion was filed on February 14, 2005, more than two years after the deadline of July 3, 2002, it is time-barred by § 2255.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Mortimer's motion (Dkt. No. 1) filed pursuant to 28 U.S.C.A. § 2255 to vacate, set aside or correct sentence, be **DISMISSED**, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 29th day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4

# United States District Court
## Southern District of Georgia

MORTIMER

)

vs ) CASE NUMBER CV205-33

USA
) DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 7/29/05 , which is part of the official record of this case.

Date of Mailing: 7/29/05

Date of Certificate  [X] same date,  or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

Name and Address

Amy Lee Copeland
Judlin Mortimer, 12828-058, McRae Correctional Facility, 1000 A. Jim Hammock Dr, McRae, GA 31055

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate